```
            IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                    FORT SMITH DIVISION
```

UNITED STATES OF AMERICA                              PLAINTIFF

    v.                    No. 2:07-cr-20036

LONNIE JOE JACKSON                                    DEFENDANT

## O R D E R

Before the Court is Defendant/Petitioner Lonnie Joe Jackson's Motion to Vacate Conviction Pursuant to 28 U.S.C. § 2255 or in the Alternative Pursuant to 28 U.S.C. § 2241 (Doc. 38) and the government's Response (Doc. 41). Jackson seeks to vacate his conviction on grounds that he is actually innocent of the charge, that his conviction is in violation of the constitution or laws of the United States, that the Court was without jurisdiction to impose the sentence, and that the conviction constitutes a miscarriage of justice. For the reasons reflected herein, Jackson's Motion (Doc. 38) is **DENIED**.

### I. Facts and Background

On June 27, 2007 Jackson was charged by indictment with knowingly failing to register as a sex offender. On August 13, 2007, Jackson filed a motion to seeking to dismiss the indictment (Doc. 27) for failing to show he traveled in interstate commerce after the enactment of SORNA, failing to notify Jackson of his duty to register, and that SORNA's retroactive effects violate *ex post facto* clause of the

constitution. On August 29, 2007 the Court denied the Motion to Dismiss. On September 11, 2007, Jackson changed his plea to guilty under a conditional plea agreement that allowed him to appeal the denial of his Motion to Dismiss. The Court sentenced Jackson on October 31, 2007 to time served and five years supervised release. Jackson did not file a direct appeal.

**II. Discussion**

    **A. 28 U.S.C. § 2255**

Section 2255 allows a person in federal custody to return to the sentencing court for a collateral challenge of the constitutionality, legality, or jurisdictional basis of the sentence imposed. *See U.S. v. Addonizio*, 442 U.S. 178, 185 (1979). There is a one year statute of limitations for § 2255 motions that begins running from the latest of four possible dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AO72A
(Rev. 8/82)

28 U.S.C. § 2255(f). When the Defendant takes no direct appeal, the Judgment becomes final when the availability of appeal or a petition for certiorari expires. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987). In a criminal case, the defendant has ten (10) days to file a notice of appeal. Fed. R. App. Proc. 4(b)(1)(A).

In this case, Jackson challenges the constitutionality of his conviction. Jackson has presented no evidence of an impediment, additional facts supporting the claim, or legal authority indicating recognition of his claimed right in the Supreme Court. Jackson's Judgment was entered on October 31, 2007, and he filed no notice of appeal, so the statute of limitations has expired. Jackson's Motion to Vacate Conviction Pursuant to 28 U.S.C. § 2255 is therefore DENIED.

### B. 28 U.S.C. § 2241

As an alternative to a § 2255 motion, Jackson requests that the Court consider his motion as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. A petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241

> shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

AO72A
(Rev. 8/82)

28 U.S.C. § 2255(e). Procedural barriers, including expiration of the statute of limitations do not mean a § 2255 motion is inadequate or ineffective. Section 2255 "is not inadequate or ineffective where a petitioner had any opportunity to present his claim beforehand." *Abdullah v. Hedrick*, 392 F.3d 957, 963 (2004).

In this case, Jackson makes no showing that a § 2255 motion is inadequate or ineffective other than through the expiration of the statute of limitations. Therefore the Court cannot hear his petition for relief under § 2241. By not raising the argument with a § 2255 motion before the expiration of the statute of limitations, Jackson has missed the opportunity to challenge his sentence. Jackson's § 2241 petition is therefore DENIED.

**III. Conclusion**

Jackson's Motion to Vacate Conviction Pursuant to 28 U.S.C. § 2255 or in the Alternative Pursuant to 28 U.S.C. § 2241 (Doc. 38) is **DENIED**.

IT IS SO ORDERED this 28th day of September, 2009.

/s/ Robert T. Dawson
Robert T. Dawson
United States District Judge

AO72A
(Rev. 8/82)